# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARIE A. QUEEN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N22A-10-002 VLM |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

## ORDER

Submitted: June 12, 2023
Decided: August 14, 2023

*Upon Consideration of Appellant's Appeal of the Decision of the Unemployment Insurance Appeal Board*, **AFFIRMED**.

Marie A. Queen, *Appellant, pro se.*

Victoria Groff, Esquire, Deputy Attorney General, Department of Justice, 820 N. French Street, Wilmington, DE 19801, *Attorney for Appellee Unemployment Insurance Appeal Board.*

Victoria Counihan, Esquire, Deputy Attorney General, Department of Justice, 820 N. French Street, Wilmington, DE 19801, *Attorney for the Delaware Division of Unemployment Insurance, a statutory party-in-interest.*

**MEDINILLA, J.**

## I.  INTRODUCTION

Claimant-Appellant Marie A. Queen ("Claimant") appeals two overpayment determinations by the Unemployment Insurance Appeal Board (the "Board") and seeks review of a final order of fraud that led to her disqualification of unemployment benefits.  Upon consideration of the arguments, submissions of the parties, and the record in this case, the Board's decision is upheld.

## II.  FACTUAL AND PROCEDURAL HISTORY

On March 29, 2020, Claimant filed a claim for unemployment insurance benefits with the Delaware Division of Unemployment Insurance ("Division") after working full-time for A.S. Academy of Learning, Inc. ("Employer") for approximately five days in March of 2020.[1]  Claimant claimed that she was still employed by Employer but working part-time.[2]  A Claims Deputy of the Division awarded her a weekly benefit of $400.00 for unemployment insurance benefits.[3]

While receiving unemployment insurance benefits, Claimant also received a federal benefit of $600.00 per week of Federal Pandemic Unemployment Compensation (FPUC)[4] under the CARES Act (Coronavirus Aid, Relief and Economic Security Act).[5]

---

[1] R. 154.
[2] R. 157.
[3] R. 70.
[4] R. 49, 50, 165, 166.
[5] R. 49–50.

The Division thereafter received information from Employer that Claimant received gross wages of $1,898.20 from week ending April 4, 2020 to week ending May 9, 2020.[6] Yet Claimant reported earnings of $988.00 for the same period.[7] The Division was further informed by Claimant's subsequent employer—the Delaware Department of Transportation—that Claimant had received short-term disability benefits during portions of the same period in April of 2020.[8]

On February 3, 2022, a Division Claims Deputy determined that Claimant was disqualified from receiving unemployment benefits due to fraud under 19 *Del. C.* § 3314(6),[9] finding that Claimant had knowingly underreported wages earned while receiving unemployment benefits.[10]

Claimant appealed the Claims Deputy's disqualification determination to an Appeals Referee.[11] After a full hearing, the Appeals Referee affirmed the Claims Deputy's determination.[12] Claimant did not appeal the Appeals Referee's decision. Accordingly, the disqualification determination became final on March 31, 2022.

---

[6] R. 154.
[7] R. 155.
[8] R. 154.
[9] R 154–55.
[10] *Id.*
[11] R. 156.
[12] R. 157–59. The decision of the Appeals Referee stated that the information from her subsequent employer, the Department of Transportation as to Claimant's short-term disability benefits is incorrect. Accordingly, the Referee did not consider any facts related to Claimant's disability benefits, and only based the decision on Claimants failure to report her wages during the period at issue. R. 156–58.

The Division then initiated administrative proceedings against Claimant to recuperate overpayments under 19 *Del. C.* § 3325. On April 28, 2022, a Division Claims Deputy issued two overpayment determinations; $1,700.00 for unemployment benefits,[13] and $3,000.00 for FPUC benefits.[14] Claimant appealed both determinations.[15] After a full hearing, an Appeals Referee upheld the Claims Deputy's determinations.[16] Claimant appealed.[17] The Board affirmed,[18] and found that Claimant was liable to repay the money.[19]

On October 6, 2022, Claimant filed this timely appeal of the Board's decision regarding overpayment determinations. In her opening brief, she also submits bank statements not presented to the Division nor the Board, and further challenges the Division's disqualification determination related to its findings of fraud.

On December 16, 2022, the Division filed its Answering Brief. On December 19, 2022, the Board filed its Answering Brief. The matter is ripe for review.

## III.  PARTIES' CONTENTIONS

Claimant argues that although she was accused of making a fraudulent claim, she has received "no help" for what she contends amounts to a mistake.[20] She further

---

[13] R. 74–76.
[14] R. 151–53.
[15] R. 104, 113, 178.
[16] R. 69–73, 147–50.
[17] R. 9–33, 122–25.
[18] R. 4–8.
[19] R. 6.
[20] R. 3.

argues she did not commit fraud, offers bank statements in support of her position, and states she should not be asked to refund monies she did not receive.[21]

The Division maintains that since Claimant chose not to appeal the determination that disqualified her from receiving benefits, she should be precluded from challenging the merits of that disqualification decision in this appeal that relates solely to the Board's decision regarding overpayments.[22] Simply put, it asks that the Board's decision be affirmed.

## IV. STANDARD OF REVIEW

On appeal from the Board, this Court's role is limited to determining whether substantial evidence exists to support the Board's decision and to examine the Board's findings and conclusions for legal error.[23] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[24] "It is not the appellate court's role to weigh the evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[25]

---

[21] Claimant's Opening Br.

[22] The Division's Answering Br., at 3–4.

[23] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265 (Del. 1981); 19 *Del. C.* § 3323(a) ("In any judicial proceeding under this section, the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.").

[24] *Dean v. Perdue Farms, Inc.*, 2014 WL 1228647, at *1 (Del. Super. Mar. 25, 2014) (quotation omitted).

[25] *McManus v. Christina Serv. Co.*, 1997 WL 127953, at *1 (Del. Super. Jan. 31, 1997).

## V. DISCUSSION

This matter relates, in part, to the *Division's* determination regarding Claimant's disqualification of unemployment benefits based on fraud, and one appealable issue that focuses on the *Board's* determination of overpayment amounts ordered be repaid by Claimant. These separate determinations of disqualification and overpayment must be taken in order.

### A. Division's Disqualification Determination Is Not Reviewable

The record is clear that in February of 2022, a Division Claims Deputy determined that Claimant was disqualified from receiving unemployment benefits due to fraud under 19 *Del. C.* § 3314(6).[26] Claimant appealed the Claims Deputy's disqualification determination to an Appeals Referee,[27] who then affirmed the Claims Deputy's determination after a full hearing.[28]

Claimant however did not appeal the Appeals Referee's decision. Accordingly, on March 31, 2022, the disqualification determination became a final, non-appealable decision.[29] This Court "cannot invoke its appellate jurisdiction

---

[26] R 154–55.

[27] R. 156.

[28] R. 157–59. The decision of the Appeals Referee stated that the information from her subsequent employer, the Department of Transportation as to Claimant's short-term disability benefits is incorrect. Accordingly, the Referee did not consider any facts related to Claimant's disability benefits, and only based the decision on Claimants failure to report her wages during the period at issue. R. 156–58.

[29] *See 19 Del. C.* § 3320 (providing that a decision of an Appeals Referee becomes final unless within 10 days after the date of notification or mailing of that decision further appeal is initiated).

unless an appeal is submitted within the time frame required by law."[30]  Claimant offers no reason for why she did not appeal.  Since Claimant did not exercise her right to appeal to the Board, the disqualification determination by the Division is final and unreviewable.  Claimant's attempts to piggyback her disqualification determination to this appeal are impermissible.[31]  Thus, the Court cannot consider Claimant's arguments related to fraud or her protests that she was improperly disqualified.

## B. Board's Overpayment Decision Is Supported by Substantial Evidence

Instead, the sole issue before this Court involves the Board's decision related to the recoupment of overpaid benefits, as governed by 19 *Del. C.* § 3325.  An individual who fails to report wages, and is subsequently disqualified from receiving benefits, is required to repay all benefits received while being ineligible to receive them.[32]  And that "person shall be so liable regardless of whether such sum was received through fraud or mistake . . . ."[33]

Here, Claimant asserts both that she did not commit fraud and that there was some sort of a mistake.  The Division made its determination of disqualification due

---

[30] *Smith v. Unemployment Ins. Appeal Bd.*, 2021 WL 4593386, at *4 (Del. Super. Oct. 6, 2021) (citation omitted).
[31] *See Smith v. Unemployment Ins. Appeal Bd.*, 2013 WL 1718059, at * 1 (Del. Super. Apr. 22, 2013); *Starcks v. Unemployment Ins. Appeal Bd.*, 2013 WL 4848101, at *5 (Del. Super. July 30, 2013).
[32] *Smith*, 2013 WL 1718059, at *1 (citation omitted).
[33] *See* 19 *Del. C.* § 3325.

to fraud. Regardless of the reason, following the rationale under *Smith v. Unemployment Insurance Appeal Board*,[34] the Board properly found that once the disqualification was final, the only issue was whether Claimant received benefits when she was not entitled to receive them. And whether a proper overpayment determination was made under 19 *Del. C.* § 3325. It was.

This Court finds substantial evidence supports the Board's conclusions. In affirming the overpayment determinations, the Board properly considered the record below, as determined by the Referee, and found that Claimant received proper notice, that the amount calculated was accurate, and that the overpayment notice was properly sent to Claimant because she was found to be disqualified from receiving unemployment benefits.[35] The Board properly affirmed the Referee's decision to uphold the Division Claims Deputy's determination that Claimant was liable for an overpayment amount of benefits in the amount of $1,700.00 for unemployment benefits and $3,000.00 for FPUC benefits, respectively.

The Board's decision is supported by substantial evidence and free from legal errors. Thus, the Board's Decision is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Vivian L Medinilla
Vivian L. Medinilla
Judge

---

[34] *Smith v. Unemployment Ins. Appeal Bd.*, 2013 WL 1718059, at * 1 (Del. Super. Apr. 22, 2013).
[35] R. 5.

8